UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELLE PADULO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br>SILVERMAN THEOLOGOU, LLP and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff DANIELLE PADULO (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant SILVERMAN THEOLOGOU, LLP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

1

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer"

as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a law firm with a focus in collections with its principal office located at 1200 Rockville Pike, Suite 520, N. Bethesda, Maryland 20852. Defendant also has offices in Richmond Virginia and Los Angeles California.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    a. All consumers with an address in the state of New Jersey consumers who were sent collection letters and/or notice from Defendant attempting to collect an alleged consumer debt, which was sent on the Defendant's legal letterhead and signed by an attorney not licensed in the State of New Jersey.

    b. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a.  Whether Defendant violated various provisions of the FDCPA;
    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to January 10, 2017, an obligation was allegedly incurred to US Postal Service Federal Credit Union.  ("USPS")

16. The USPS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged USPS obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. USPS is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the USPS debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

21. On or about January 10, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter ("Letter") in an attempt to collect the alleged USPS debt. *See* **Exhibit A.**

22. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Letter was sent on legal letterhead stating the name of the law firm Silverman Thelogou and "COUNSELORS AND ATTORNEYS AT LAW."

25. The Letter further stated:

> "unless you notify my office within thirty (30) days after receipt of this letter that there is a dispute as to the validity of the debt, or any portion thereof, we will assume that this debt is valid, **and may proceed with litigation**.*"* (emphasis added).

6

26. The Letter was signed by Douglas R Blecki, Jr. Esq.

27. Upon reading the Letter, the Plaintiff, as would any least sophisticated consumer, believed that an attorney who had the ability to pursue litigation against her reviewed her file and made a determination to send this collection letter.

28. The Plaintiff further believed that if she did not pay the past due balance, that the Defendant made initiate a lawsuit against her.

29. Upon information and belief, Douglas R. Blecki is not licensed to practice law in the state of New Jersey.

30. Upon information and belief, no attorney listed in the Defendant's website is licensed to practice law in the state of New Jersey.

31. By sending the Letter, the Defendant caused the Plaintiff a risk of real harm.

32. If a consumer receives a letter from what they believe is an attorney with authority to file a lawsuit, they are more inclined to more quickly react to an attorney's threat.

33. As stated in the Third Circuit "A debt collection letter on an attorney's letterhead conveys authority. Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency. It is reasonable to believe that a dunning letter from an attorney threatening legal action will be more effective in collecting a debt than a letter from a collection agency. The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the letter also implies that the attorney has some personal involvement in the decision to send the letter." *Lesher v. Mitchell Kay,* 650 F.3d 993 (3rd Cir. 2011).

34. As a result of Defendant's actions, the Plaintiff has been harmed.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

36. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. The Defendants violated said section by:

- Falsely representing that the communication came from a licensed attorney with the ability to practice law in New Jersey in violation of 1692e(3);
- Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5);
- The use of false representation or deceptive means to collect or attempt to collect any debt in violation of 1692e(10)

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yitzchak Zelman, Esq. and Ari Marcus, Esq., as

Class Counsel;

      (b)    Awarding Plaintiff and the Class statutory damages;

      (c)    Awarding Plaintiff and the Class actual damages;

      (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (e)    Awarding pre-judgment interest and post-judgment interest; and

      (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 14. 2017        */s/ Yitzchak Zelman*
                                            Yitzchak Zelman, Esq.
                                            MARCUS ZELMAN, LLC
                                            1500 Allaire Avenue, Suite 101
                                            Ocean, New Jersey 07712
                                            (732) 695-3282 telephone
                                            (732) 298-6256 facsimile

                                            *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 14. 2017        */s/ Yitzchak Zelman*
                                            Yitzchak Zelman, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in

9

controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 14. 2017 */s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.